UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dale Brandon,                                              Case No. 3:14-cv-01355

        Plaintiff

   v.                                                                MEMORANDUM OPINION & ORDER

Abednego Environmental Services,

        Defendant


Before me is the motion of Defendant Abednego Environmental Services for a more definite statement pursuant to Rule 12(e).  (Doc. No. 9).  Defendant asserts Plaintiff Dale Brandon's complaint does not comply with Rule 10(b) because it "does not contain separately numbered paragraphs limited to a single set of circumstances," making it "practically impossible for Defendant to draft an answer" in compliance with Rule 8(b).  (Doc. No. 9 at 7).  Brandon filed a brief in opposition.  (Doc. No. 10).  For the reasons stated below, Defendant's motion is denied.

While the complaint is written in narrative form and does not contain numbered paragraphs, Brandon's claims are fairly straightforward.  He described several incidents that occurred prior to his termination and alleges those incidents resulted from or were motivated by racial discrimination.  Indeed, Defendant does not assert the complaint fails to put it on notice of its alleged wrongdoing or that the complaint "is so vague or ambiguous that [Defendant] cannot reasonably prepare a

response." Fed. R. Civ. P. 8 and 12(e); *see also Jakovich v. Hill, Stonestreet & Co.*, No. 1:05-cv-2126, 2005 WL 3262953, at *3 (N.D. Ohio Nov. 30, 2005) ("[A] motion for [a] more definite statement 'is designed to strike at unintelligibility rather than simple want of detail . . . .'" (quoting *Scarbrough v. R-Way Furniture Co.*, 105 F.R.D. 90, 91 (E.D. Wis. 1985)).

Thus, it appears Defendant's challenge involves only Brandon's failure to format his complaint with numbered paragraphs. While the Sixth Circuit has not directly addressed this issue, the Federal Civil Rules, as well as precedent from other circuits, advocate excusing these sorts of technical deficiencies. *See, e.g.,* Fed. R. Civ. P.1 ("These rules . . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."); *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005) ("We especially are willing to overlook harmless violations of Rule 10(b), which requires a complaint to contain separate, numbered paragraphs for each averment. . . . It follows that, where the absence of numbering or succinct paragraphs does not interfere with one's ability to understand the claims or otherwise prejudice the adverse party, the pleading should be accepted."); *Boothe v. TRW Credit Data*, 523 F. Supp. 631, 635 (S.D.N.Y. 1981) (denying defendant's motion for a more definite statement which sought to require plaintiff to file an amended complaint with numbered paragraphs). *See also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers."). Moreover,

> Plaintiff's failure to comply with Rule 10(b) does not deprive Defendant of the ability to frame a responsive pleading or otherwise prejudice Defendant in any way in defending against the allegations and claims in Plaintiff's Complaint. Pleading is not a game of skill in which an unskilled *pro se* litigant should be trapped into dismissal due to his failure to number his allegations or state his claims in the clearest of terms.

*Robinson v. Twist Inc.*, No. 3:05-cv-127, 2006 WL 3759694, at *4 (S.D. Ohio Dec. 19, 2006).

The format of Brandon's complaint only prohibits Defendant from admitting or denying specifically-referenced numbered paragraphs. It does not prohibit Defendant from identifying those

2

3

allegations which it admits and then denying, or denying for lack of knowledge, the remainder of Brandon's allegations. Therefore, Defendant's motion is denied. Defendant shall file its answer on or before January 26, 2015.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
