IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

DALE BRANDON,

                Plaintiff,                Case No. 3:14 CV 1355

  -vs-

                                                  <u>MEMORANDUM OPINION</u>

ABEDNEGO ENVIRONMENTAL SERVICES,

                Defendant.

KATZ, J.

Plaintiff Dale Brandon filed an action alleging discrimination on the basis of race and discrimination on the basis that he is a convicted felon in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against Defendant Abednego Environmental Services (Doc. No. 1). Before the Court is Defendant's unopposed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). (Doc. No. 25). For the reasons that follow, the Court grants Defendant's motion for summary judgment.

## I. Jurisdiction and Venue

The Court finds that it has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is also properly before this Court. *See* 28 U.S.C. §1391; N.D. Ohio R. 3.8.

## II. Facts

Plaintiff was employed by Shen Service Group and was stationed at the Jeep Wrangler plant in Toledo, Ohio. Defendant had contracted with Shen to provide workers for the Jeep plant. On or about May 22, 2014, a safety inspector from the United Auto Workers Union ("UAW"), was conducting an inspection of the Jeep facility. Plaintiff was cleaning a paint booth during the inspection. Per Jeep's safety protocols, Plaintiff was required to lock a padlock onto the power button located on the control panel for the booth he was cleaning. A plant electrician would also

secure a padlock on the power button. These locks would prevent the power being turned on in the booth while Plaintiff was inside cleaning. The safety inspector observed Plaintiff's padlock on a control panel, but Plaintiff had not locked his padlock. The safety inspector told Russell Northrop, Defendant's Site Manager, to suspend Plaintiff for thirty days for the safety violation, which Mr. Northrop did.

During Plaintiff's suspension, other Shen employees were involved in incidents that caused concern to Daimler Chrysler. Police came to the Jeep facility looking for a Shen employee suspected of rape, and three other employees were involved in an altercation at the Jeep plant. Consequently, Daimler Chrysler told Defendant that individuals with felony convictions were no longer allowed to work at the Jeep plant. Pursuant to this decision, Shen performed background checks on its employees assigned to the Jeep facility. On or about May 30, 2014, Shen removed from the Jeep facility approximately twenty-six employees found to have felony convictions, including Plaintiff.

### III. Standard of Review

Summary judgment is proper where "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting a genuine issue of material fact must support the argument either by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). A court views the facts in the record and reasonable inferences which can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A court does not weigh the evidence or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

The party requesting summary judgment bears an initial burden of demonstrating that no genuine issue of material fact exists, which the party must discharge by producing evidence to demonstrate the absence of a genuine issue of material fact or "by showing . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25 (1986) (internal quotation marks omitted). If the moving party satisfies this burden, the nonmoving party "may not rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren,* 578 F.3d 351, 374 (6th Cir. 2009) (citing Fed. R. Civ. P. 56 and *Matsushita,* 475 U.S. at 586). The party opposing the summary judgment motion must present sufficient probative evidence supporting its claim that disputes over material facts remain; evidence which is "merely colorable" or "not significantly probative" is insufficient. *Anderson,* 477 U.S. at 248–52.

### IV. Discussion

Defendant argues that Plaintiff's claims should be dismissed because he failed to first file a charge with the Equal Employment Opportunity Commission ("EEOC") as required by law. (Doc. No. 25 at 12). Defendant further argues that even if Defendant had filed the requisite charge with the EEOC, his claim would still fail on the merits. (Doc. No. 25 at 13).

A. Exhaustion of Administrative Remedies

"It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge." *Strouss v. Mich. Dep't of Corr.*, 250 F.3d

336, 342 (6th Cir. 2001); *see also* 42 U.S.C. § 2000e-5(f)(1). Plaintiff failed to first file a charge with the EEOC against Defendant. (Doc. No. 25-4 at 4). Consequently, Plaintiff's claim is now barred for failure to exhaust his administrative remedies.

B. Discrimination Claims

Even if Plaintiff had first exhausted his administrative remedies, he has still failed to provide evidence by which a jury could find that he was discriminated against on the basis of race or on the basis of his status as a convicted felon. The burden is on Plaintiff to establish a *prima facie* case of discrimination. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (citing *McDonnell Douglas Corp. V. Green*, 411 U.S. 792, 802 (1972)). Plaintiff may make a showing of disparate treatment by producing "evidence which at a minimum establishes (1) that he was a member of a protected class and (2) that for the same or similar conduct he was treated differently than similarly-situated non-minority employees." *Id.* at 582–83.

First, Title VII provides no cause of action for a claim of discrimination based on one's status as a convicted felon. As such, Plaintiff's claim of discrimination on the basis of being a convicted felon fails, and summary judgment is granted to Defendant.

Second, Plaintiff has failed to establish a *prima facie* case of discrimination on the basis of race because he has failed to offer evidence that a similarly-situated non-minority employee was treated differently for conduct the same as or similar to his own. *See Mitchell*, 964 F.2d at 582–83. Plaintiff claims that he was discriminated against on the basis of his race because no white employees were suspended for failing to lock their padlocks on the control panels. (Doc. No. 1 at 2). Plaintiff also pleads racial discrimination because he was removed from the Jeep plant for being a convicted felon while another non-minority employee with a felony conviction

has been allowed to remain in the plant. (Doc. No. 1 at 6). Finally, Plaintiff alleges that Mr. Northrop, Defendant's Site Manager at the Jeep facility, has conducted informal background checks on minority employees and passed on the results of those searches to Jeep personnel. (Doc. No. 1 at 5).

Plaintiff, however, has offered no evidence to support his claims. In his deposition, Plaintiff acknowledged that he did not know if the UAW safety inspector observed any non-minority employees who had failed to lock their padlocks on the control panels. (Doc. No. 15-4 at 9). Plaintiff then identified a non-minority employee who, like Plaintiff, was removed from the Jeep plant for having a felony record. (Doc. No. 25-4 at 10). Plaintiff refused to identify the individual who claimed to have knowledge that Mr. Northrop was conducting informal background checks on minority employees. (Doc. No. 25-4 at 10). Finally, Plaintiff had no personal knowledge whether Mr. Northrop had ever conducted an informal background check on Plaintiff. (Doc. No. 25-4 at 10). Because Plaintiff has provided no evidence that he was treated differently than similarly-situated non-minority employees, he has failed to establish a *prima facie* case of disparate treatment. *See Mitchell*, 964 F.2d at 582–83. Therefore, summary judgment is granted to Defendant.

## V. Conclusion

Accordingly, Defendant's motion for summary judgment (Doc. No. 25) is granted.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE